OPINION AND ORDER

OPENING STATEMENT

The Appellant raises the following issues on appeal: (1) whether there was sufficient evidence to support a finding of impairment to the slightest degree in a Driving Under the Influence (DUI) case, (2) whether the duty to advise a person of his or her Miranda rights is triggered prior to custodial interrogation, and (3) whether a thirty day jail sentence for a DUI conviction exceeded what Hopi law permits. For the reasons set forth below, we affirm the Trial Court’s judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant is Anthony Gaddy (“Defendant”) who was charged with Driving Under the Influence pursuant to HTO 21, § 3.3.75; ARS 28-1381(A)(l). A bench trial w;as held on August 21, 2003 before Judge Leslie. Hopi Police Officer Bah-nimptewa testified at trial that on September 23, 2003 at about 7:30 PM, he received a report from a Navajo Police dispatcher indicating that a motorist reported a drunk driver on Highway 264 heading west. Appellant’s Brief (AB) at 1. The motorist later approached the Officer and pointed to Defendant’s vehicle. Id. Officer Bah-nimptewa noticed Defendant’s breath smelted of alcohol. Id. at 2. Officer Bah-nimptewa then performed the field sobriety test and asked if Defendant had been drinking any alcoholic beverages, to which Defendant answered in the affirmative. Id. Defendant also indicated that he had two cans of beer, but none was found in the vehicle. Id. Officer Bahnimptewa then arrested the Defendant and read him his Miranda rights. Id.
The court found proof beyond a reasonable doubt that the Defendant committed the. offense and convicted Defendant of driving under the influence of intoxicating liquor. In the court’s Judgment Order of October 16, 2003, Defendant was sen- *216 fenced to 100(1-1) days in jail, $250.00 in fines, and $100.00 in court costs. Thirty days of the 100-day sentence was mandatory commencing on October 17, 2003, and the remaining seventy days were suspended in lieu of one year of supervised probation. Defendant was also ordered to complete a DUI Traffic Class consisting of no less than 16 hours, with the cost to be incurred by the Defendant and the class to be completed within four months from date of release,[1] and to obtain an Alcohol Assessment within 30 days from date of release.
Defendant filed a timely Notice of Appeal of the Trial Court’s October 16, 2003 Judgment Order on October 21, 2003 and timely filed his Supplemental Brief to Support the Appeal on November 19, 2003. The Hopi Tribe did not file a responsive brief.[2] In his Notice of Appeal, Defendant requested that he be released on his own recognizance pending appeal. The Trial Court denied the recognizance request on the ground that Defendant had not petitioned the court to stay the judgment order pursuant to HIRCCP 37(1). Defendant subsequently requested a stay of the Judgment Order, which the Trial Court granted on November 5, 2003. Defendant was temporarily released from the custody of the Hopi jail on November 17, 2003.

ISSUES PRESENTED ON APPEAL

Defendant asserts that: (1) the Prosecutor failed to establish beyond a reasonable doubt the impairment element of the crime, (2) Defendant’s privilege against self-incrimination was violated, and (3) Defendant’s sentence constituted cruel and unusual punishment thereby depriving him of equal protection of law.

DISCUSSION

The Appellate Court has jurisdiction over this appeal because the Trial Court’s October 16, 2003 judgment is a final order and Defendant was sentenced to more than thirty days in jail and ordered to pay a fine of more than $50.00. Having proper jurisdiction, this Court will adopt the Trial Court’s findings of fact unless they are clearly erroneous, but conclusions of law will be reviewed de novo. Nevayaktewa v. The Hopi Tribe, 97AC000004 (1994) at 2; H.I.R.C.C.P. 37(h).
I. The Trial Court Could Conclude That There Was Sufficient Evidence to Establish Impairment to the Slightest Degree
Defendant contends that the Prosecutor failed to establish beyond a reasonable doubt that Defendant was impaired to the slightest degree. Defendant argues that this element of the crime was not proved because the Prosecutor’s main piece of evidence was a statement of the Defendant’s that should have been suppressed since it was made prior to the Defendant hearing his Miranda rights. Defendant also argues that the Trial Court erred in finding that Defendant was impaired to the slightest degree absent evidence of his blood alcohol level.
*217 The Criminal Code (Title III) of Hopi Tribal Ordinance (HTO) 21, section 3.3.75 makes it unlawful for any person to violate the Arizona Act Regulating Traffic on Highways (Arizona Revised Statutes (ARS) 28-401 et seq), provided that the maximum fines and sentences be $500.00 and six months in jail for each offense. Defendant was convicted of violating HTO 21, § 3.3.75, specifically ARS 28-1381(A)(¿), which makes it unlawful for a person to drive a vehicle while under the influence of intoxicating liquor if the person is impaired to the slightest degree. Unlike other provisions in ARS 28-1381,[3] the provision Defendant was charged with violating does not require the prosecutor to establish a particular blood alcohol level. Rather, ARS 28-1381(A)(l) only requires impairment to the “slightest degree.”
Assuming arguendo that Defendant’s statement about how many beers he consumed was inadmissible, the Prosecutor introduced other evidence that supported the Trial Court’s factual finding of impairment. The Officer testified that he received a report from a Navajo Police dispatcher indicating that a motorist reported a drunk driver on Highway 264, that the motorist identified Defendant’s vehicle as the drunk driver, that Defendant’s breath smelled of alcohol, and most importantly, that Defendant failed the field sobriety test. This testimony supports the finding that Defendant was impaired to the slightest degree. This Court is in no position to second-guess the Trial Court in its factual findings unless no trier of fact could come to that conclusion on the evidence. Ne-vayaktewa, 97AC000004 at 3. Therefore, the Trial Court’s finding of impairment even absent the Defendant’s own statement and absent evidence of his blood alcohol level was not clearly erroneous.
II. The Officer’s Preliminary Questioning Did Not Trigger The Duty To Advise Defendant Of His Miranda Rights
Defendant was questioned about whether he had been drinking alcohol after he foiled the field sobriety test and after the Officer smelled alcohol on Defendant’s breath. Specifically, the Officer asked how much alcohol he had to drink, to which Defendant replied he had two cans of beer. The Officer subsequently arrested Defendant and read him his Miranda rights. Defendant asserts that his right against self-incrimination was violated when he was questioned prior to hearing the Miranda warning, essentially arguing that the Officer’s duty to advise Defendant of his Miranda rights was triggered before any questioning began. Miranda rights arose in the seminal United States Supreme Court decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See Nevayaktewa, at 6. The Miranda warning prescribes safeguards that protect the accused’s constitutional privilege against self-incrimination. Id.
Hopi law has not delineated the scope of the Miranda warning, therefore we look to foreign law for guidance. Id.; Hopi Resolution H-12-76; Hopi Tribe v. Mahkewa, AP00292 (1995) at 2. It is well-established law that the duty of an officer to provide the Miranda warning is triggered when custodial interrogation begins, where such interrogation is defined as any questioning initiated by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way. 21A AM. Ji:n.2i.) Criminal Law § 793; we Ber *218 kemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1084). It is also clearly established law that roadside questioning of a motorist detained pursuant to a traffic stop is not custodial interrogation. Id. at 440. Berkemer involved facts virtually identical to the case here: officer stops defendant after observing defendant’s vehicle swerving on a highway; officer observes defendant having difficulty standing; defendant fails field sobriety test; officer then asks, without advising defendant of his Miranda rights, whether he had been using intoxicants; defendant answers he consumed two beers; and officer subsequently arrests defendant. As in Berkemer, a single police officer asked defendant here “a modest number of questions and requested him to perform a simple balancing test at a location visible to passing motorists.” Id. at 442, 104 S.Ct. 3138. “Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest [giving rise to the duty to provide the Miranda warning].” Id. Therefore, we find nothing in the record that indicates that Defendant should have been given Miranda warnings at any point prior to the time the Officer placed him under arrest.
III. Defendant’s Sentence Was Not Excessive
Defendant argues that his sentence constituted cruel and unusual punishment thereby depriving him of equal protection of law because it exceeded what Arizona law permits. Defendant contends that the proper sentence was forty-eight consecutive hours in jail pursuant to ARS 28-3473. However, Defendant’s reliance on that statute is improper. ARS 28-3473, a license provision, provides: “A person who drives a motor vehicle on a public highway when the person’s privilege to drive a motor vehicle is restricted, suspended, revoked, disqualified, canceled or refused for a violation of section 28-1381 ... is guilty of a class 1 misdemeanor and shall be sentenced to serve at least forty-eighty consecutive hours in jail.” The sentence permitted in ARS 28-3473 applies only when a person drives with a revoked license pursuant to a § 28-1381 violation. Nothing in the language of ARS 28-3473 indicates that a forty-eight hour sentence applies to § 28-1381 violations. Indeed, ARS 28-1381 includes its own sentencing provisions: “A person who is convicted of a violation of this section ... shall be sentenced to serve not less than ten consecutive days in jail and is not eligible for probation ... unless the entire sentence is served ... [and] shall pay a fine of not less than two hundred fifty dollars ... [and] shall pay an additional assessment of five hundred dollars ... [for] the prison construction and operations fund.” Ariz.Rev. Stat. § 28-1381(1).
Although HTO 21, § 3.3.75 incorporates Arizona Statutes 28-401 et seq., it explicitly provides for a maximum fine of $500 and sentence of six months in jail per offense. This distinction suggests that the HTO drafters intended for the Arizona sentencing provisions to be inapplicable and that they intended for the Trial Court to use its discretion in imposing sentences provided they do not exceed the máximums. Defendant was sentenced to 100 days in prison, of which 30 days were mandatory and 70 days were suspended in lieu of one year supervised probation. His sentence is not in excess of what Hopi law permits, nor could it be construed as excessive of Arizona’s mandatory ten-day sentence to constitute cruel and unusual punishment. Furthermore, Hopi law makes alcohol intoxication and simple possession of alcohol unlawful. HTO 21, §§ 3.3.48, 3.3.83. Against this backdrop, the Trial Court did not abuse its discretion in imposing the sentence against Defendant.

*219
ORDER OF THE COURT

For the foregoing reasons, we hereby affirm the October 16, 2003 Judgment Order of the Trial Court.
IT IS SO ORDERED.

. The court ordered that verification of class completion be provided to the Probation Officer.

. The Appellant moved to exclude the Hopi Tribe from submitting a responsive brief and to disallow the Hopi Tribe from participating in oral argument on the ground that it failed to comply with the filing deadline imposed by HIRCCP 37(i). This Court granted in part and denied in part the motion at the April 8, 2004 appellate hearing allowing the Hopi Tribe to present oral argument and disallowing the Hopi Tribe from submitting a responsive brief.

. ARS 28—1381(A)(2) makes it unla I I i > drive a vehicle if the person has an I i I concentration of 0.08 or more within two hours of driving.